## IN THE UNTIED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ROGER CONES,**

     **Plaintiff,**

v.                                           **No. 15-cv-0260 JCH/SMV**

**CHEX SYSTEMS, INC.,**

     **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION TO GRANT**
**DEFENDANT'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT**

THIS MATTER is before me on Defendant Chex Systems, Inc.'s Motion to Dismiss Complaint . . . [Doc. 3] ("Motion"), filed on April 6, 2015.  Plaintiff has not responded, and the time for doing so has passed.  The Honorable Judith C. Herrera, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition.  [Doc. 10]. Having considered the briefing and relevant law, and being otherwise fully advised in the premises, I recommend that Defendant's Motion be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** without prejudice.

Generally, when a party fails to respond to a motion, such silence constitutes consent to granting the motion.  D.N.M.LR-Civ. 7.1(b).  However, when a party fails to respond to a motion to dismiss, a court may not grant the motion based solely on the lack of response.  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).  Instead, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1178.  Accordingly, I will examine the merits of the Motion.

**Background**

On February 12, 2015, Plaintiff filed a Complaint against Defendant in Magistrate Court for the County of Chavez, State of New Mexico, alleging violation of the Fair Credit Reporting Act ("FCRA").  [Doc. 1-1] at 2.  Plaintiff alleges as follows: "Defendants failure to comply with F.C.R.A. filed dispute regarding.  Wells Fargo default, which does not exist with Wells Fargo, Wells Fargo has no knowledge, and Wells Fargo is not a client of Chex System."  *Id.*  (errors in original).  Plaintiff also claims that he is entitled to $3,157 (with 8% interest), $77 court costs, and a process serving fee to be determined.  *Id.*  Defendant removed the action to this Court on March 30, 2015.  [Doc. 1] at 1.  Defendant now moves to dismiss Plaintiff's Complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Doc. 3].

**Motion-to-Dismiss Standard**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint does not need "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  The factual allegations against the defendant in the complaint "must be enough to raise a right to relief above the speculative level."  *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 570 (alterations omitted); *see Robbins v. Oklahoma*,

2

519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants."). That is, the factual allegations must suffice to "inform the defendants of the actual grounds of the claim against them," with the degree of specificity required depending on the nature of the complaint. *Robbins*, 519 F.3d at 1248 (citations omitted).

"A pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it simply "tenders naked assertions devoid of further factual enhancement." *Id.* Nor is the complaint sufficient where it "pleads facts that are 'merely consistent with' a defendant's liability." *Id.* Rather, the plaintiff must plead facts that allow a court to reasonably infer the defendant's liability for the misconduct alleged. *Id.*

## Analysis

Defendant argues that Plaintiff has failed to set forth sufficient facts to state a claim under the FCRA. [Doc. 3] at 4. Defendant contends that he "merely sets forth an incoherent legal conclusion that [Defendant] violated the FCRA." *Id.* I agree that Plaintiff fails to state a claim on which relief may be granted and, thus, recommend dismissal without prejudice.

The FCRA requires credit reporting agencies "to maintain reasonable procedures designed to assure maximum possible accuracy of the information contained in credit reports" and "limit the furnishing of such reports to certain statutorily enumerated purposes." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). The FCRA provides a private right of action for injured customers of credit reporting companies to recover for violations of the FCRA. *Id.* Plaintiff alleges broadly that Defendant has violated the FCRA and that he is entitled to relief. [Doc. 1-1]

at 2.  However, he provides nothing more than this legal conclusion of Defendant's liability.  *See Iqbal*, 556 U.S. at 678.  He does not allege that Defendant is a credit reporting agency or is otherwise subject to the FCRA.  He cites to no specific section of the FCRA that Defendant allegedly violated, nor does he allege any coherent facts showing how Defendant allegedly violated the FCRA.  His Complaint wholly fails to provide the "actual grounds" of his claim against Defendant.  *See Robbins*, 519 F.3d at 1248.  Accordingly, Plaintiff has failed to provide "fair notice" of his claim against Defendant.  *See Twombly*, 550 U.S. at 570.  I find, therefore, that Plaintiff's claim should be dismissed without prejudice.[1]

IT IS THEREFORE RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss . . . [Doc. 3] be GRANTED and Plaintiff's Complaint for violation of the FCRA be DISMISSED without prejudice.

---

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

---

STEPHAN M. VIDMAR
United States Magistrate Judge

---

[1] Defendant has not argued futility of amendment, and I am not convinced that amending the Complaint would be futile.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b) and granting leave to amend would be futile) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).  Thus, I recommend that Plaintiff's Complaint be dismissed without prejudice.